United States District Court
Southern District of Texas
**ENTERED**
January 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PETER EGWURUBE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:20-CV-00292 |
| | § | |
| DISCOVER FINANCIAL SERVICES, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a Motion to Dismiss Plaintiff's Amended Complaint filed by Discover Bank, incorrectly named as Discover Financial Services ("Discover"). *See* Dkt. 16. After carefully reviewing the motion, the response, the reply, the relevant pleadings, and the applicable law, I recommend that the motion be **GRANTED**, and this case be **DISMISSED**.

### BACKGROUND

On August 17, 2020, Plaintiff Peter Egwurube ("Egwurube") filed a small claims action against Discover in the Justice Court of Galveston County, Texas, Precinct 3. Egwurube's original lawsuit asserted a cause of action for "[v]iolation of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681b." Dkt. 1-3 at 6. Discover then timely removed the case to this Court based on federal question jurisdiction.

Soon after removal, Discover filed a motion to dismiss. At an oral hearing on the motion to dismiss, I gave Egwurube, acting *pro se*, an opportunity to file an amended complaint. He did so, *see* Dkt. 14, and submitted a number of documents

which I consider as attachments to his amended complaint. *See* Dkt. 6. Discover now moves to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 16.

In the amended complaint, Egwurube, a holder of a Discover credit card, alleges that on June 1, 2020, he requested "debt verification" from Discover because he needed a student loan. Dkt. 14 at 1. He claims that he sent correspondence to Discover requesting "a certified copy of the credit agreement between both parties and any other signed document which can verify" the amount of debt allegedly owed to Discover. *Id.* According to Egwurube, Discover did not provide him with the requested documentation. Egwurube also avers that his credit report contains "conflicting information being furnished by" Discover. *Id.* By engaging in the described conduct, Egwurube maintains that Discover violated the FCRA. Finally, Egwurube complains that Discover is "duty-bound and [has] breached [its] fiduciary duty of care, supporting [its] willful and intentional as well as deliberate default respecting the irrevocable binding contractual agreement . . . to make payments to plaintiff as agreed for relief." *Id.* at 2.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) provides that a defendant is entitled to dismissal when the plaintiff fails to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

2

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility requires facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This is a context-specific inquiry, "requir[ing] the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In analyzing a Rule 12(b)(6) motion, I must "accept all well-pleaded facts as true, drawing all reasonable inferences in the nonmoving party's favor." *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Id.* at 336–37 (cleaned up). Allegations relying on mere speculation are nonactionable, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Because Egwurube is representing himself, I will construe his filings liberally, examining them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, *pro se* litigants like Egwurube "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

In deciding whether to grant a Rule 12(b)(6) motion, I may not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Instead, my "review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central

to the claim and referenced by the complaint." *Lone Star Fund V (US), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).[1]

## ANALYSIS

"Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) (citing 15 U.S.C. § 1681). To achieve this purpose, the FCRA imposes duties on "consumer reporting agencies" and "furnishers" of credit information. A "consumer reporting agency" is any person who "regularly engages in . . . assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). A "furnisher" of credit information "is one who provides credit information to consumer reporting agencies." *Alam v. Sky Recovery Servs., Ltd.*, No. H-08-2377, 2009 WL 693170, at *3 (S.D. Tex. Mar. 13, 2009). "The most common . . . furnishers of information are credit card issuers, . . . lenders, utilities, insurers, collection agencies, and government agencies." H.R. Rep. No. 108-263, at 24 (2003). In this case, the amended complaint specifically alleges that Discover is a furnisher of credit information to the consumer reporting

---

[1] In opposing Discover's Motion to Dismiss, Egwurube attaches a document (Exhibit E-1) that is not attached to or referenced in the amended complaint. *See* Dkt. 17 at 4–6. Discover objects to my consideration of this document as part of the Rule 12(b)(6) analysis. Because Exhibit E-1 is neither attached to the amended complaint nor referenced in the live pleading, I sustain Discover's objection and will not consider the exhibit in connection with the pending motion to dismiss.

agencies. *See* Dkt. 14 at 1 (claiming that there is "information being furnished by [Discover] to the credit bureaus").

The FCRA sets forth the responsibilities of furnishers of information to credit reporting agencies under subsections (a) and (b) of 15 U.S.C. § 1681s-2. Subsection (a) imposes a duty on furnishers of information to provide accurate information to a consumer reporting agency. *See* § 1681s-2(a). Subsection (b) sets forth the duties of furnishers of information once a consumer reporting agency gives the furnisher notice of a consumer's dispute over the completeness or accuracy of information provided by the furnisher to the consumer reporting agency. *See* § 1681s-2(b). Egwurube does not specify whether he is bringing suit under subsection (a), subsection (b), or both. Because I am required to view the allegations most favorably to Egwurube at the motion to dismiss stage, I will assume he is raising claims under both subsections (a) and (b).

Egwurube's § 1681s-2(a) claim fails because the FCRA expressly precludes a private right of action against a furnisher for failing to provide accurate information as required by § 1681s-2(a). *See* § 1681s-2(c). *See also Burress v. Chase Card,* No. 3:19-CV-01198-S-BT, 2020 WL 1216703, at *2 (N.D. Tex. Feb. 18, 2020) ("no private cause of action exists under § 1681s-2(a)"). This does not mean that § 1681s-2(a) lacks any true bite. Rather, the FCRA specifically provides that a violation of § 1681s-2(a) "shall be enforced exclusively" by certain federal agencies, and federal and state officials. § 1681s-2(d). Accordingly, any FCRA claims raised

5

by Egwurube under § 1681s-2(a) fail to state an actionable claim for relief and should be dismissed.

Turning to subsection (b), the FCRA provides that a furnisher, like Discover, is obligated upon receiving a dispute of accuracy from a credit reporting agency to conduct a reasonable investigation of the dispute, report its results to the credit reporting agency, and modify or delete incorrect information. *See* § 1681s-2(b). Given this statutory directive, a plaintiff seeking to state a FCRA claim against a furnisher under § 1681s-2(b) must allege that "(1) he disputed the accuracy or completeness of information with a consumer reporting agency; (2) the agency notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation." *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 805 (N.D. Tex. 2014).

Reviewing the amended complaint, it is evident that Egwurube fails to allege any facts plausibly supporting the requisite elements of a § 1681s-2(b) cause of action. Beginning with the first element, Egwurube does not plead any facts showing that he notified a single consumer reporting agency of inaccurate information. To the contrary, his amended complaint readily acknowledges—and the documents attached to his amended complaint conclusively prove—that he sent multiple complaint letters directly to Discover. Egwurube's failure to allege that he disputed the accuracy or completeness of information with a credit reporting agency is not a minor blunder. *See Eustice v. JPMorgan Chase & Co.*,

6

No. H-19-1489, 2019 WL 3067507, at *3 (S.D. Tex. July 12, 2019) ("[A] credit furnisher like [Discover] would have a duty under § 1681s-2(b) only if [Egwurube] first disputed credit information with a credit reporting agency and that credit reporting agency then informed [Discover] of that dispute."). Egwurube's claim must be dismissed on this oversight alone.

Moving to the second element, Egwurube must allege that the consumer reporting agency notified the furnisher of the consumer's dispute. Once again, he makes no such allegation. Egwurube's amended complaint only discusses communications directly between himself and Discover. And the 70 pages of documents incorporated into Egwurube's live pleading do not include a single communication between a consumer reporting agency and Discover. This omission is fatal. A private right of action under § 1681s-2(b) does not exist against a furnisher of information unless the consumer reporting agency provides notice to the furnisher of the consumer's dispute. *See Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (notice from a consumer reporting agency to the furnisher of information "is necessary to trigger the furnisher's duties under Section 1681s-2(b)."); *Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 11 (D. Mass. 2004) ( "[C]ourts have uniformly concluded that [§ 1681s-2(b)] provides a private cause of action only if the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information was disputed." (quotation omitted)). Because Egwurube has failed to allege this second element, he is unable to state a claim against Discover under § 1681s-2(b).

To meet the third prong of a § 1681s-2(b) cause of action against a furnisher, Egwurube must allege that Discover "failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation." *Shaunfield*, 991 F. Supp. 2d at 805. Egwurube makes no such allegation in his operative pleading. In fact, Egwurube relies on exhibits showing that Discover *did* conduct an investigation into its reporting, and that Discover *did* request that the consumer reporting agencies make changes in their records to update the debt owed. *See* Dkt. 6 at 41 (correspondence dated June 19, 2020, noting that Discover "conducted an investigation" and "[a]s a result of th[e] investigation, we have updated your Credit Bureau Report" to reflect various changes); Dkt. 6 at 44 (correspondence dated July 1, 2020, noting same). Egwurube does not even bother to allege that Discover's investigation was somehow unreasonable or inadequate. His silence on these points is telling, and his § 1681s-2(b) claim should be dismissed for failing to sufficiently plead the third element of a FCRA claim against a furnisher. *See Smith v. Bank of Am. Home Loans*, 968 F. Supp. 2d 1159, 1167 (M.D. Fla. 2013) ("To the extent an investigation was conducted, it is unclear how the investigation failed to meet the requirements of the statute. Therefore, plaintiffs have failed to put [the furnisher] on notice as to the nature of their alleged violation of § 1681s-2(b)."); *Rios v. Randolph Brooks Fed. Credit Union*, No. 5:13-CV-946-DAE, 2014 WL 3897806, at *3 (W.D. Tex. Aug. 8, 2014) (dismissing FCRA claims where the complaint contained "only conclusory allegations and bare recitations of the law").

In sum, Egwurube has not properly alleged a single element of a § 1681s-2(b) claim against a furnisher. As a result, his § 1681s-2(b) claim ends now.

Egwurube also makes an allegation in his amended complaint that Discover violated a different provision of the FCRA by failing to "promptly delete all information which cannot be verified." Dkt. 14 at 1.² The problem with this claim is simple: § 1681i(a)(5)(A) has no applicability to a furnisher of information, such as Discover. Section 1681i(a)(5)(A) imposes an obligation on a consumer reporting agency, not a furnisher, to delete information from the file of a consumer if, after a reinvestigation of disputed information, such information is found to be inaccurate or incomplete. *See* § 1681i(a)(5)(A). Because there are no allegations that Discover is a consumer reporting agency, this statutory claim has no application to Discover, and must be dismissed.

Although I have concluded that Egwurube has failed to state a claim for relief under the FCRA, there are still a couple of additional issues left to address. In his live pleading, Egwurube mentions that Discover has "breached [its] fiduciary duty of care." Dkt. 14 at 2. To the extent Egwurube intends to assert a cause of action for breach of fiduciary duty, that claim goes nowhere because Texas does not

---

² In the amended complaint, Egwurube refers to "section 611(5)(A) of the FCRA" and purportedly quotes language from that statutory provision. Dkt. 14 at 1. Section 611 of the FCRA is codified at 15 U.S.C. § 1681i. There is not, however, a § 1681i(5)(A). I believe the statutory provision Egwurube intends to refer to is § 1681i(a)(5)(A). It contains similar language to the language he purports to quote in the amended complaint. *See* § 1681i(a)(5)(A) ("If . . . an item of the information . . . cannot be verified, the consumer reporting agency shall . . . promptly delete that item of information from the file of the consumer.").

9

recognize a fiduciary relationship between a lender and a borrower. *See In re Absolute Res. Corp.*, 76 F. Supp. 2d 723, 734 (N.D. Tex. 1999) (Under Texas law, "[l]enders and their agents ordinarily have no fiduciary duty to borrowers or putative borrowers."); *Mfrs' Hanover Tr. Co. v. Kingston Invs. Corp.*, 819 S.W.2d 607, 610 (Tex. App.—Houston [1st Dist.] 1991, no writ) ("It is well settled that the relationship between a borrower and its lender is neither a fiduciary relationship, nor a special relationship.").

In his response to the motion to dismiss, Egwurube references the Fair Debt Collection Practices Act ("FDCPA"). To be clear, there is no FDCPA claim in the amended complaint. At first blush, this would appear to close the book on this claim because district courts do not typically consider facts or causes of action raised for the first time in response to a motion to dismiss. *See Trice v. Pearland Indep. Sch. Dist.*, 3:19-CV-00286, 2020 WL 1557750, at *2 n.8 (S.D. Tex. Mar. 16, 2020). Nevertheless, when a *pro se* plaintiff raises a new claim for the first time in response to a motion to dismiss, a court may liberally construe the response as a motion to amend the complaint. *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992). But where, as here, the newly-raised cause of action would not be sufficient to survive a motion to dismiss, the court should go ahead and dismiss the complaint. *See King v. Life Sch.*, 809 F. Supp. 2d 572, 581 (N.D. Tex. Aug. 9, 2011). As Discover points out, the prohibitions of the FDCPA apply only to debt collectors. *See Taylor v. Perrin, Landry, deLaunay, & Durand*, 103 F.3d 1232, 1234 (5th Cir. 1997). Excluded from the definition of "debt collector" is "any person

collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Because Discover is unquestionably the original creditor attempting to collect a credit card debt, *see* Dkt. 6 at 21, 23, and 42, it is not considered a debt collector under the FDCPA. *See Bacon v. Sw. Airlines Co.*, No. CIV.A.3:97-CV-2211-L, 1999 WL 134569, at *2 (N.D. Tex. Mar. 5, 1999) ("American Express cannot be a debt collector under the FDCPA" because "the FDCPA specifically excludes creditors who, while using their own names, attempt direct collection of debts owed to them."); *Robertson v. GE Consumer Fin., Inc.*, No. 2:06-CV-3-KS-MTP, 2008 WL 4868289, at *3 (S.D. Miss. Nov. 7, 2008) (owner of credit card debt is not considered a debt collector under the FDCPA). I, therefore, must recommend Egwurube not be given leave to assert a FDCPA claim.

## CONCLUSION

For the reasons identified above, I recommend that Discover's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 16) be **GRANTED**, and this case be **DISMISSED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period

mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED on this 4th day of January 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE